| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| Jazma Gibbons,<br>　　　　　　　　Plaintiff,<br>　　v.<br>North Eastern Asset Recovery, Inc.; and<br>DOES 1-10, inclusive,<br>　　　　　　　　Defendants. | Civil Action No.: 7:16-cv-00369<br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Jazma Gibbons, by undersigned counsel, states as follows:

## JURISDICTION

1.　This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2.　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.　Plaintiff, Jazma Gibbons ("Plaintiff"), is an adult individual residing in Auburndale, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.　Defendant, North Eastern Asset Recovery, Inc. ("NEAR"), is a New York business entity with an address of 22 Saw Mill River Road, Hawthorne, New York 10532-1533, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.　Does 1-10 (the "Collectors") are individual collectors employed by NEAR and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. NEAR at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

7. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to NEAR for collection, or NEAR was employed by the Creditor to collect the Debt.

10. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. NEAR Engages in Harassment and Abusive Tactics**

11. In or around June 2015, NEAR contacted Plaintiff in an attempt to collect the Debt.

12. During the initial conversation, NEAR told Plaintiff that he would be served with papers if a payment plan was not set up that day. This threat overshadowed Plaintiff's right to dispute the Debt.

13. In addition, to date NEAR has not taken any legal action against Plaintiff as threatened.

**C. Plaintiff Suffered Actual Damages**

14. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

15. Defendants' conduct was so outrageous in character, and so extreme in degree, as

to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

18. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

19. Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action against Plaintiff, without actually intending to do so.

20. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

21. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

22. Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants overshadowed Plaintiff's right to dispute the Debt.

23. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

24. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendants as follows:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 17, 2016

Respectfully submitted,

By */s/ Sergei Lemberg*

Sergei Lemberg, Esq. (SL 6331)
LEMBERG LAW L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff